UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Jones, | Civil No. 05-853 (JMR/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Title 11 Funding of California, Minnesota Repossessors, Inc., and Chase Towing and Transport, Inc., | |
| Defendants. | |

_____

Thomas J. Lyon, Jr., for Plaintiff.
Eric Olsen for Defendant Title 11 Funding of California.
Patrick Elliott for Defendants Minnesota Repossessors, Inc. and
Chase Towing and Transport, Inc.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 23, 2005, on Defendant Title 11 Funding of California's Motion to Remand to Bankruptcy Court [#5; #12]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendant's Motion be denied.

**I. BACKGROUND**

Plaintiff has filed for bankruptcy under Chapter 13, and his bankruptcy action is currently pending before the Honorable Nancy C. Dreher in the United States Bankruptcy Court, District of Minnesota (case number 03-47087). In the instant case, Plaintiff alleges, in a three-count Complaint, that Defendants' collection of payments violated federal bankruptcy and state collection laws. In

-1-

Count I, a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., Plaintiff alleges that Defendants Minnesota Repossessors, Inc. ("MRI"), and Chase Towing and Transport, Inc. ("Chase"), violated section 1692(f)(6), which prohibits the disablement of property where the property is exempt by law.  In Count II, a claim under Minnesota Statute § 336.9-609, Plaintiff alleges that all Defendants breached the peace when they repossessed his vehicle.  In Count III, Plaintiff asserts that Defendants violated 11 U.S.C. § 362(h) by taking collection action against him after he filed for bankruptcy protection.

Defendant Title 11 Funding of California ("Title 11") moves the Court to refer this action to the United States Bankruptcy Court, District of Minnesota.  Defendant argues that the Bankruptcy Court provides the proper jurisdiction because Plaintiff's claims arise out of and are related to an alleged violation of the Bankruptcy Code and constitute core proceedings that are properly adjudicated in the Bankruptcy Court.  Specifically, Defendant argues that the lynchpin of Plaintiff's claims is the alleged violation of the automatic stay provision, 11 U.S.C. § 362(h), and that Plaintiff's claims for violations of the FDCPA and state law wrongful repossession statute depend entirely on the section 362(h) claim.  Defendant asserts that all claims should therefore be referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).  See Def. Mem. [#6] p. 3-4.  The Court disagrees and finds that the District Court has proper jurisdiction over Plaintiff's allegations.

## II.  CONCLUSIONS OF LAW

A federal district court's jurisdiction over Title 11 proceedings is governed by 28 U.S.C. § 1334.  Section 1334 provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a

>court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

District courts therefore have original jurisdiction over civil proceedings "arising under title 11, or arising in or related to cases under title 11."

Pursuant to 28 U.S.C. § 157(a), district courts have the discretion to refer bankruptcy cases to bankruptcy courts. Section 157(a) provides that the district court "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Under sections 1334 and 157(a) then, district courts have original jurisdiction over title 11 proceedings and can refer those proceedings to the bankruptcy courts at their discretion. See Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773 (8th Cir. 1995); In re Parklane Atlanta Joint Venture, 927 F.2d 532, 538 (11th Cir. 1991).

Here, the Court concludes that referral to the Bankruptcy Court is unwarranted. Although it appears that the Bankruptcy Court has jurisdiction to hear the action, it is undisputed that any such jurisdiction is not exclusive of the District Court. This Court has held that a proceeding to prosecute a violation of an automatic stay under 11 U.S.C. § 362(h) is a core proceeding arising under title 11 for which a bankruptcy judge or a district court has the power to hear and enter appropriate orders and judgments. See Rosengren v. GMAC Mortgage Corp., Report and Recommendation, 00-CV-971 (DSD/JMM) (D. Minn. 2001) (attached as Lyons Aff. Ex. A) (relying on Specialty Mills, 51 F.3d at 773).

Defendant concedes that this Court has jurisdiction over Plaintiff's claims. Defendant, however, presents no compelling reasons why this Court should refer the action to the Bankruptcy Court. Plaintiff's claims do not require the specialized knowledge of the bankruptcy court; rather

FDCPA claims are routinely presented to the district court.  In addition, Plaintiff has presented the question whether the Bankruptcy Court would have jurisdiction over the other Defendants in this action.  Furthermore, Plaintiff has requested that any potential jury trial on the FDCPA claims be held by the District Court.  Potentially, transfer to the Bankruptcy Court could result in a splitting of parties and causes of action.  The Court sees no reason to so complicate the instant litigation.  In the interest of judicial economy, this Court should retain jurisdiction over Plaintiff's claims and Defendant's motion for referral to the Bankruptcy Court should be denied.

### III.  RECOMMENDATION

Based on the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Title 11's Motion for the Referral of the Action to the United States Bankruptcy Court [#5; #12] be **DENIED.**


DATED: November 22, 2005             s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 13, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 13, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.